White, J.
delivered the opinion of the Court.
In this cause only two points have been relied on by the defendant’s counsel, to resist the preference claimed by the plaintiff.
1. It is said that the preference, which he might once have had, expired before he made his entry; because the term three months used in the Act, means three lunar and not calendar months.
2. That when he made his entry, he had not possession of the land; and that, to secure a preference under the act of Assembly, there must not only have been a possession on the 1st day of May, 1806, but a possession continued from that time until the entry was made, which is not the case here.
1. We believe the term “three months” means three calendar and not three lunar months. It must be the duty of the Court to affix the same idea to these words which they believe the Legislature, who used them, intended to communicate. It is believed that when the term “ month ” is used in this country a calendar and not a lunar month is intended, and we feel satisfied that the same intention was in the view of the Legislature when using these expressions.
2. The facts agreed and found by the jury make this case: That Wright *56 was in possession of the land on the 1st day of May, 1806; that afterwards, and before Cook’s entry was made, he sold his right of preference to Cook; that when the entry was made Boyd Was in possession, claiming as a purchaser under Cook.
It seems to us clear that Wright once had a preference to enter this land; that he parted with his preference, and the right became vested in Cook; and the only difficulty is created by Boyd having possession in fact when the entry was made. As Boyd was in possession with Cook’s consent and permission, and as the facts do not show that Cook had assigned his interest to Boyd, but only that Boyd was in possession, claiming by purchase under Cook, we have no hesitation in viewing the possession of Boyd as the possession of Cook, within the meaning of the act of Assembly; and the more especially as Boyd himself has not, as far as we know, set up any claim to the preference.
We are, therefore, of opinion that the plaintiff has a right to obtain a grant for the land to which he claims the preference in his caveat.